



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES J. ALPHA,<br><br>     Plaintiff,<br><br>  vs.<br><br>WORTH & COMPANY, INC.,<br>STEPHEN WORTH, JOHN DOES 1-5, and<br>ABC CORPORATIONS 1-5,<br><br>     Defendants. | No. 12 CV-5951<br><br><br><br>CIVIL ACTION<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

**FILED**

OCT 19 2012

MICHAEL E. KUNZ, Clerk

By_____ Dep. Clerk

Plaintiff, James J. Alpha, by way of this Complaint, alleges:

## I. INTRODUCTION

Plaintiff, James J. Alpha, brings this action against his former employer, Worth & Company, Inc. (hereinafter "Worth & Company"), pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et. seq.* ("Title VII"); the Pennsylvania Human Relations Act, as amended, 43 P.S. §951 *et seq.* ("PHRA"); 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"); and the Pennsylvania common law causes of action of intentional infliction of emotional distress and harassment.

While employed by Worth & Company, Plaintiff was discriminated against, harassed, and subjected to a hostile and abusive working environment because of his race and color. In addition, he was retaliated against and fired for complaining about and opposing Defendants' discriminatory acts and practices. Worth & Company President and Chief Executive Officer, Stephen Worth (hereinafter "Worth") aided, abetted, incited, compelled and/or coerced the commission of some of the discriminatory and retaliatory acts.

## II. **PARTIES**

1.      James J. Alpha is a half-African-American and half-Caucasian adult citizen of the United States and the Commonwealth of Pennsylvania residing at 1650 Fels Road, Pennsburg, Montgomery County, Pennsylvania.

2.      Worth & Company, Inc. is a Pennsylvania for-profit corporation with a principal place of business at 6263 Kellers Church Road, Pipersville, Bucks County, Pennsylvania.

3.      Stephen Worth is a Caucasian adult citizen of the United States and the Commonwealth of Pennsylvania who at all relevant times was the President and Chief Executive Officer of Worth & Company, having a principal place of business at 6263 Kellers Church Road, Pipersville, Bucks County, Pennsylvania.

4.      At all relevant times herein, Worth & Company acted through its authorized agents, workers, servants and/or employees, acting within the course and scope of their agency and employment, and in furtherance of the mission, business and affairs of Worth & Company.

5.      At all relevant times herein, Worth & Company was the "employer" of Plaintiff as defined by Title VII, Section 1981, the PHRA and controlling law.

6.      At all relevant times herein, Plaintiff was an "employee" of Worth & Company as defined by Title VII, Section 1981, the PHRA and controlling law.

## III. **JURISDICTION AND VENUE**

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

8.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

9.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that Defendants reside in this District and all or a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

10.    Venue is also proper in this judicial district pursuant to 42 U.S.C. §2003e-(5)(f)(3) because the unlawful employment practices were committed in this District, and employment records relevant to those practices are maintained and administered in this District.

## IV.  PLAINTIFF'S COMPLIANCE WITH ADMINISTRATIVE REQUIREMENTS

11.    On or about November 22, 2011, Plaintiff filed a timely administrative Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") which was cross-filed with the Pennsylvania Human Relations Commission ("PHRC") in which he complained of the Defendants' acts and practices of discrimination, harassment and retaliation as alleged herein.

12.    On or about August 28, 2012, the EEOC issued a "Notice of Right to Sue" to Plaintiff informing him that the EEOC was terminating its processing of his "Charge of Discrimination" because more than one hundred and eighty (180) days had passed since the filing of same and that he was required to file an action under Title VII within ninety (90) days of his receipt of the "Notice of Right to Sue".

13.    Plaintiff is filing this action within ninety (90) days of his receipt of the "Notice of Right to Sue."

3

14.     For the reasons stated above, Plaintiff has the right to include in this action his PHRA claims.

15.     For the reasons stated above, Plaintiff has fully and timely complied with all administrative prerequisites for the filing of this action under Title VII and the PHRA.

## V. **FACTUAL BACKGROUND**

16.     Plaintiff was hired by Worth & Company on or about October 1, 2007, as the Assistant to the Production Manager, Barry Angstadt (W)[1].

17.     In or about the Autumn of 2008, Plaintiff was promoted to the position of Production Manager for which he had supervisory authority over other employees.

18.     In or about the Spring of 2009, Plaintiff became a Co-Manager with Mr. Angstadt. In late 2009, Plaintiff was promoted to the sole Manager with supervisory capacity of over approximately twenty (20) employees. In this position, Plaintiff's salary was approximately $1,300.00, per week in addition to receiving other benefits and incentives such as bonuses, matching contributions to a retirement savings account, monthly vehicle allowances and a gas card.

19.     Without any explanation, in or about November of 2010, Plaintiff was removed from his position as Production Manager and was instructed to remain at home while a different position was found for him.

---

[1]     Caucasian individuals shall be referred to herein by the designation "W"; African-Americans shall be referred to by the designation "B".

20.     Plaintiff was ultimately placed in a position managing shipping containers and a delivery crew. Plaintiff was told by his supervisor, John Marinucci (W), that this change in position would not affect the amount of his salary.

21.     In or about January of 2011, Plaintiff was further demoted without warning or explanation to a position in the tool room where he lost all supervisory and managerial authority which he previously held while employed by Worth & Company.

22.     Contrary to both company policy, and what he was told in late 2010, on or about January 27, 2011, Plaintiff's pay was reduced, without his knowledge and without advanced warning, from approximately $1,300.00 per week to approximately $975.00 per week.

23.     On or about February 14, 2011, Plaintiff was called into Worth & Company's Human Resources Office by its General Counsel and Director of Human Resources, Thomas Zipfel (W), who notified Plaintiff that his employment was to be terminated effective in two weeks.

24.     On or about February 15, 2011, Plaintiff was told by Worth that the decision to terminate him had changed.

25.     On or about February 22, 2011, Plaintiff was informed by Worth that he would be tested regarding his knowledge of Worth & Company's rental equipment despite the fact that his prior job responsibilities did not cover any of the business relating to rental equipment.

26.     On or about April 4, 2011, without advanced warning or notice, Plaintiff's employment with Worth & Company was terminated as of that day. Plaintiff was told by Worth that Worth & Company "had to let him go." Plaintiff was neither given any further explanation for his termination nor was he told that his job performance was unsatisfactory.

5

27.    Throughout his employment with Worth & Company, Plaintiff was subjected to acts of discrimination and harassment, and a hostile and abusive work environment, based upon his race and skin color. These acts included, but were not limited to the following:

(a)    Being singled-out and watched over by Worth while conducting inter-departmental meetings held for department managers;

(b)    Being criticized by Worth at inter-departmental meetings;

(c)    Being told by Worth at an inter-departmental meeting that Plaintiff was at a "disadvantage" when compared to his colleagues;

(d)    Being told by a fellow employee, Rob Wessner (W), that Wessner had called an African-American male a "nigger" without hesitation. Another employee, Sean Underwood (W), witnessed this comment;

(e)    Being called a "tool monkey" by a fellow employee, David Litzenberger (W). Mr. Litzenberger's supervisor, Jon Lande (W), and another employee, Craig Hogan (W), witnessed this comment;

(f)    Being subjected to racial jokes told by and between his supervisor, Mr. Angstadt, and other co-workers, and being informed by co-workers, Don Maychuck (W) and Deb Raio (W), that they overheard Mr. Angstadt making racial comments;

(g)    Being informed by employee, Jay Keiser (W), that Defendant's Fleet Manager, Neil Metton (W), would purposely block the parking spaces closest to the entrance to the warehouse with plow trucks in order to force Plaintiff to walk further to the front entrance;

        (h)      Being replaced by Mr. Goodwin (W) and then by Mr. Early (W) following the removal from the position of Production Manager in or around November of 2010;

        (i)      Being replaced by Joe Brown (W) in his position in the tool room following his termination; and

        (j)      Being tested on his knowledge of the company's rental equipment despite that Plaintiff's prior job responsibilities did not cover any of the business relating to the rental equipment.

28.      Defendants have failed to provide a legitimate, non-discriminatory or non-retaliatory reason for Plaintiff's termination.

29.      Defendants' proffered reasons for Plaintiff's termination were false and pretextual.

30.      The aforesaid actions, comments and remarks establish that the true motives and reasons for Plaintiff's termination were discriminatory and retaliatory.

31.      Consistent with Defendants' unlawful retaliatory acts and practices, within a few days of Plaintiff's termination, Worth & Company terminated Steven Cantrell and John Marinucci who were Plaintiff's former supervisors.

32.      Worth & Company's general overall hiring patterns and practices reflect a bias toward African-Americans.

33.      In a letter dated April 12, 2011, Plaintiff advised Worth & Company of his belief that he was wrongfully terminated based on racial discrimination and requested that he be reinstated to his position as Production Manager with the same salary, benefits and incentives that he was receiving prior to his termination.

34. Plaintiff did not receive any response from Worth & Company to his April 12, 2011 letter.

35. Throughout the course of his employment with Worth & Company, Plaintiff performed his job responsibilities in a highly competent manner and was regularly recognized for his accomplishments. Plaintiff was consistently evaluated at an "Outstanding", "Very Good" or "Good" rating level in his annual performance appraisals.

36. Throughout his employment with Worth & Company, Plaintiff was subjected to acts of discrimination, harassment and a hostile and abusive work environment based upon his race and skin color resulting in different and less favorable treatment when compared with his non-African-American colleagues and co-workers.

37. Plaintiff made repeated complaints about the discrimination, retaliation, and hostile and abusive work environment that he was subjected to since the beginning of his employment to several of his superiors including, but not limited to, Worth, Thomas Zipfel, and John Marinucci.

38. These discriminatory acts and practices were allowed to continue because of the general atmosphere of racial bias, discrimination, harassment and intimidation which was allowed to continue by Defendants.

39. Worth & Company employed ineffective and/or insufficient corporate policies and procedures regarding the prevention of, and remedial measures to be taken for, race and/or skin color discrimination, harassment, retaliation and hostile and abusive work environments.

40.     Defendants failed to take any remedial action in response to Plaintiff's complaints which could have included, but not been limited to, providing training to Defendant's employees regarding unlawful employment discrimination and/or reprimanding, warning, disciplining or otherwise taking other appropriate remedial action against the employees involved in the discrimination and harassment.

41.     As a direct and proximate result of Defendants' discriminatory and retaliatory acts and practices, Plaintiff has suffered a loss of earnings which has been to his great loss and to which the full extent is not known at this time.

42.     As a direct and proximate result of Defendants' discriminatory and retaliatory acts and practices, Plaintiff will suffer a loss of earnings which will be to his great loss and to which the full extent is not known at this time.

43.     As a direct and proximate result of Defendants' discriminatory and retaliatory acts and practices, Plaintiff has suffered a diminution of earning capacity which has been to his great loss and to which the full extent is not known at this time.

44.     As a direct and proximate result of Defendants' discriminatory and retaliatory acts and practices, Plaintiff will suffer a diminution of earning capacity which will be to his great loss and to which the full extent is not known at this time.

45.     As a direct and proximate result of Defendants' discriminatory and retaliatory acts and practices, Plaintiff has suffered a loss of employment benefits and incentives which have been to his great loss and to which the full extent is not known at this time.

46.     As a direct and proximate result of Defendants' discriminatory and retaliatory acts and practices, Plaintiff will suffer a loss of employment benefits and incentives which will be to his great loss and to which the full extent is not known at this time.

47.     As a direct and proximate result of Defendants' discriminatory and retaliatory acts and practices, Plaintiff has suffered pain and suffering, mental anguish, emotional distress, stress, depression, anxiety, embarrassment, humiliation, inconvenience, and loss of enjoyment of life, all of which have been to his great loss and to which the full extent is not known at this time.

48.     As a direct and proximate result of Defendants' discriminatory and retaliatory acts and practices, Plaintiff will suffer pain and suffering, mental anguish, emotional distress, stress, depression, anxiety, embarrassment, humiliation, inconvenience, and loss of enjoyment of life, all of which will be to his great loss and to which the full extent is not known at this time.

49.     Defendants' discriminatory and retaliatory conduct as set forth herein was sufficiently outrageous and egregious to warrant an award of punitive damages.

## COUNT I

### (v. Worth & Company for Title VII)

50.     Plaintiff incorporates by reference paragraphs one through forty-nine, above, as if set forth fully and at length herein.

51.     The aforementioned acts, policies, practices, procedures, conduct and statements of Worth & Company caused Plaintiff to suffer discrimination on the basis of his race in violation of Title VII.

10

52.     The aforementioned acts, policies, practices, procedures, conduct and statements of Worth & Company caused Plaintiff to suffer discrimination on the basis of his skin color in violation of Title VII.

53.     The aforementioned acts, policies, practices, procedures, conduct and statements of Worth & Company caused Plaintiff to be subjected to harassment on the basis of his race in violation of Title VII.

54.     The aforementioned acts, policies, practices, procedures, conduct and statements of Worth & Company caused Plaintiff to be subjected to harassment on the basis of his skin color in violation of Title VII.

55.     The aforementioned acts, policies, practices, procedures, conduct and statements of Worth & Company caused Plaintiff to be subjected to a hostile and abusive work environment in violation of Title VII.

56.     The aforementioned acts, policies, practices, procedures, conduct and statements of Worth & Company caused Plaintiff to be retaliated against in violation of Title VII.

57.     Worth & Company terminated Plaintiff's employment because of his race and in retaliation for his opposition to Defendant's discriminatory acts and practices; and his termination was therefore in further violation of Title VII.

58.     Worth & Company terminated Plaintiff's employment because of his skin color and in retaliation for his opposition to Defendant's discriminatory acts and practices; and his termination was therefore in further violation of Title VII.

59.     Worth & Company's violations of Title VII were intentional, purposeful and knowingly malicious and/or committed with reckless indifference to Plaintiff's rights, thereby entitling Plaintiff to an award of punitive damages.

60.     As a direct and proximate result of Worth & Company's violations of Title VII, Plaintiff has suffered and will suffer those damages and losses set forth herein.

61.     As a direct and proximate result of Worth & Company's violations of Title VII, Plaintiff has suffered and will suffer irreparable harm, as a result of which Plaintiff is entitled to equitable and/or injunctive relief.

62.     No previous application has been made for the relief requested herein by Plaintiff.

WHEREFORE, Plaintiff, James J. Alpha, requests that this Court grant him the following relief:

(a)     Declaring the acts, policies, practices, procedures, conduct and statements of Worth & Company complained of herein to be in violation of Title VII;

(b)     Enjoining and permanently restraining the violations of Title VII by Worth & Company;

(c)     Awarding economic compensatory damages to Plaintiff under Title VII to make Plaintiff whole in the form of back pay, front or prospective pay, past and future lost earnings and/or diminution of earning capacity, and the value of past and future lost employee benefits and incentives;

(d)     Awarding non-economic compensatory damages to Plaintiff under Title VII for past and future pain and suffering, mental anguish, emotional distress, stress, depression, anxiety, embarrassment, humiliation, inconvenience, and loss of enjoyment of life;

(e)     Awarding punitive damages to Plaintiff under Title VII;

12

(f)     Awarding pre-judgment interest to Plaintiff;

(g)     Awarding Plaintiff reasonable attorney's fees, costs of suit, and expert fees; and

(h)     Granting such other and further relief to Plaintiff as the Court may deem just, proper and equitable.

## COUNT II

### (v. Worth & Company for Section 1981)

63.     Plaintiff incorporates by reference paragraphs one through sixty-two, above, as if set forth fully and at length herein.

64.     The aforementioned acts, policies, practices, procedures, conduct and statements of Worth & Company caused Plaintiff to suffer harm on the basis of his race in the making and enforcing of contracts including the enjoyment of all benefits, privileges, terms and conditions of his employment relationship with Worth & Company.

65.     The aforementioned acts, policies, practices, procedures, conduct and statements of Worth & Company caused Plaintiff to suffer harm on the basis of his skin color in the making and enforcing of contracts including the enjoyment of all benefits, privileges, terms and conditions of his employment relationship with Worth & Company.

66.     The aforementioned acts, policies, practices, procedures, conduct and statements of Worth & Company caused Plaintiff to suffer discrimination on the basis of his race in violation of Section 1981.

67.     The aforementioned acts, policies, practices, procedures, conduct and statements of Worth & Company caused Plaintiff to suffer discrimination on the basis of his skin color in violation of Section 1981.

68.     The aforementioned acts, policies, practices, procedures, conduct and statements of Worth & Company caused Plaintiff to be subjected to harassment on the basis of his race in violation of Section 1981.

69.     The aforementioned acts, policies, practices, procedures, conduct and statements of Worth & Company caused Plaintiff to be subjected to harassment on the basis of his skin color in violation of Section 1981.

70.     The aforementioned acts, policies, practices, procedures, conduct and statements of Worth & Company caused Plaintiff to be subjected to a hostile and abusive work environment in violation of Section 1981.

71.     The aforementioned acts, policies, practices, procedures, conduct and statements of Worth & Company caused Plaintiff to be retaliated against in violation of Section 1981.

72.     Worth & Company terminated Plaintiff's employment because of his race and in retaliation for his opposition to Defendant's discriminatory acts and practices; and his termination was therefore in further violation of Section 1981.

73.     Worth & Company terminated Plaintiff's employment because of his skin color and in retaliation for his opposition to Defendant's discriminatory acts and practices; and his termination was therefore in further violation of Section 1981.

74.     Worth & Company's violations of Section 1981 were intentional, purposeful and knowingly malicious and/or committed with reckless indifference to Plaintiff's rights, thereby entitling Plaintiff to an award of punitive damages.

75.     As a direct and proximate result of Worth & Company's violations of Section 1981, Plaintiff has suffered and will suffer those damages and losses set forth herein.

76.     As a direct and proximate result of Worth & Company's violations of Section 1981, Plaintiff has suffered and will suffer irreparable harm, as a result of which Plaintiff is entitled to equitable and/or injunctive relief.

77.     No previous application has been made for the relief requested herein by Plaintiff.

WHEREFORE, Plaintiff, James J. Alpha, requests that this Court grant him the following relief:

(a)     Declaring the acts, policies, practices, procedures, conduct and statements of Worth & Company complained of herein to be in violation of 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991;

(b)     Enjoining and permanently restraining the violations by Worth & Company of 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991;

(c)     Awarding economic compensatory damages to Plaintiff under 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991, to make Plaintiff whole in the form of back pay, front or prospective pay, past and future lost earnings and/or diminution of earning capacity, and the value of past and future lost employee benefits;

(d)    Awarding non-economic compensatory damages to Plaintiff under 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991, for past and future pain and suffering, mental anguish, emotional distress, stress, depression, anxiety, embarrassment, humiliation, inconvenience, and loss of enjoyment of life;

(e)    Awarding punitive damages to Plaintiff under 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991;

(f)    Awarding pre-judgment interest to Plaintiff;

(g)    Awarding Plaintiff reasonable attorney's fees, costs of suit, and expert fees; and

(h)    Granting such other and further relief to Plaintiff as the Court may deem just, proper and equitable.

## COUNT III

### (v. Worth for Section 1981)

78.    Plaintiff incorporates by reference paragraphs one through seventy-seven, above, as if set forth fully and at length herein.

79.    Worth aided, abetted, incited, compelled and/or coerced the commission of the discriminatory and retaliatory termination of Plaintiff's employment by Worth & Company.

80.    Because Worth participated in and/or compelled the decision by Worth & Company to terminate Plaintiff's employment in violation of Section 1981, Worth is personally liable to Plaintiff under Section 1981.

81.     As a direct and proximate result of Worth's violations of Section 1981, Plaintiff has suffered and will suffer those damages and losses set forth herein.

82.     As a direct and proximate result of Worth's violations of Section 1981, Plaintiff has suffered and will suffer irreparable harm, as a result of which Plaintiff is entitled to equitable and/or injunctive relief.

83.     No previous application has been made for the relief requested herein by Plaintiff.

WHEREFORE, Plaintiff, James J. Alpha, requests that this Court grant him the following relief:

(a)     Declaring the acts, policies, practices, procedures, conduct and statements of Worth complained of herein to be in violation of 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991;

(b)     Enjoining and permanently restraining the violations by Worth of 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991;

(c)     Awarding economic compensatory damages to Plaintiff under 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991, to make Plaintiff whole in the form of back pay, front or prospective pay, past and future lost earnings and/or diminution of earning capacity, and the value of past and future lost employee benefits;

(d)     Awarding non-economic compensatory damages to Plaintiff under 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991, for past and future pain and suffering, mental anguish, emotional distress, stress, depression, anxiety, embarrassment, humiliation, inconvenience, and loss of enjoyment of life;

17

(e)     Awarding punitive damages to Plaintiff under 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991;

(f)     Awarding pre-judgment interest to Plaintiff;

(g)     Awarding Plaintiff reasonable attorney's fees, costs of suit, and expert fees; and

(h)     Granting such other and further relief to Plaintiff as the Court may deem just, proper and equitable.

## COUNT IV

### (v. Worth & Company for PHRA)

84.     Plaintiff incorporates by reference paragraphs one through eighty-three, above, as if set forth fully and at length herein.

85.     The aforementioned acts, policies, practices, procedures, conduct and statements of Worth & Company caused Plaintiff to suffer discrimination on the basis of his race in violation of the PHRA.

86.     The aforementioned acts, policies, practices, procedures, conduct and statements of Worth & Company caused Plaintiff to suffer discrimination on the basis of his skin color in violation of the PHRA.

87.     The aforementioned acts, policies, practices, procedures, conduct and statements of Worth & Company caused Plaintiff to be subjected to harassment on the basis of his race in violation of the PHRA.

88.    The aforementioned acts, policies, practices, procedures, conduct and statements of Worth & Company caused Plaintiff to be subjected to harassment on the basis of his skin color in violation of the PHRA.

89.    The aforementioned acts, policies, practices, procedures, conduct and statements of Worth & Company caused Plaintiff to be subjected to a hostile and abusive work environment in violation of the PHRA.

90.    The aforementioned acts, policies, practices, procedures, conduct and statements of Worth & Company caused Plaintiff to be retaliated against in violation of the PHRA.

91.    Worth & Company terminated Plaintiff's employment because of his race and in retaliation for his opposition to Defendant's discriminatory acts and practices; and his termination was therefore in further violation of the PHRA.

92.    Worth & Company terminated Plaintiff's employment because of his skin color and in retaliation for his opposition to Defendant's discriminatory acts and practices; and his termination was therefore in further violation of the PHRA.

93.    As a direct and proximate result of Worth & Company's violations of the PHRA, Plaintiff has suffered and will suffer those damages and losses set forth herein.

94.    As a direct and proximate result of Worth & Company's violations of the PHRA, Plaintiff has suffered and will suffer irreparable harm, as a result of which Plaintiff is entitled to equitable and/or injunctive relief.

95.    No previous application has been made for the relief requested herein by Plaintiff.

WHEREFORE, Plaintiff, James J. Alpha, requests that this Court grant him the following relief:

(a)     Declaring the acts, policies, practices, procedures, conduct and statements of Worth & Company complained of herein to be in violation of the PHRA;

(b)     Enjoining and permanently restraining the violations by Worth & Company of the PHRA;

(c)     Awarding economic compensatory damages to Plaintiff under the PHRA to make Plaintiff whole in the form of back pay, front or prospective pay, past and future lost earnings and/or diminution of earning capacity, and the value of past and future lost employee benefits;

(d)     Awarding non-economic compensatory damages to Plaintiff under the PHRA for past and future pain and suffering, mental anguish, emotional distress, stress, depression, anxiety, embarrassment, humiliation, inconvenience, and loss of enjoyment of life;

(e)     Awarding such other damages to Plaintiff as are appropriate and recoverable under the PHRA;

(f)     Awarding pre-judgment interest to Plaintiff;

(g)     Awarding Plaintiff reasonable attorney's fees, costs of suit, and expert fees; and

(h)     Granting such other and further relief to Plaintiff as the Court may deem just, proper and equitable.

## COUNT V

### (v. Worth for PHRA)

96.    Plaintiff incorporates by reference paragraphs one through ninety-five, above, as if set forth fully and at length herein.

97.    Worth aided, abetted, incited, compelled and/or coerced the commission by Worth & Company of the discriminatory and retaliatory termination of Plaintiff's employment.

98.    Because Worth participated in and/or compelled the decision by Worth & Company to terminate Plaintiff's employment in violation of the PHRA, Worth is personally liable to Plaintiff under the PHRA.

99.    As a direct and proximate result of Worth's violations of the PHRA, Plaintiff has suffered and will suffer those damages and losses set forth herein.

100.    As a direct and proximate result of Worth's violations of the PHRA, Plaintiff has suffered and will suffer irreparable harm, as a result of which Plaintiff is entitled to equitable and/or injunctive relief.

101.    No previous application has been made for the relief requested herein by Plaintiff.

WHEREFORE, Plaintiff, James J. Alpha, requests that this Court grant him the following relief:

(a)    Declaring the acts, policies, practices, procedures, conduct and statements of Worth complained of herein to be in violation of the PHRA;

(b)    Enjoining and permanently restraining the violations by Worth of the PHRA;

(c)     Awarding economic compensatory damages to Plaintiff under the PHRA to make Plaintiff whole in the form of back pay, front or prospective pay, past and future lost earnings and/or diminution of earning capacity, and the value of past and future lost employee benefits;

(d)     Awarding non-economic compensatory damages to Plaintiff under the PHRA for past and future pain and suffering, mental anguish, emotional distress, stress, depression, anxiety, embarrassment, humiliation, inconvenience, and loss of enjoyment of life;

(e)     Awarding such other damages to Plaintiff as are appropriate and recoverable under the PHRA;

(f)     Awarding pre-judgment interest to Plaintiff;

(g)     Awarding Plaintiff reasonable attorney's fees, costs of suit, and expert fees; and

(h)     Granting such other and further relief to Plaintiff as the Court may deem just, proper and equitable.

## <u>COUNT VI</u>

### (v. Worth for Intentional Infliction of Emotional Distress)

102.    Plaintiff incorporates by reference paragraphs one through one hundred and one above, as if set forth fully and at length herein.

103.    Worth intentionally, willfully, maliciously, knowingly and/or recklessly in disregard to Plaintiff's health, safety and welfare, without good cause or privilege, in violation of the law, and without Plaintiff's permission, directly or indirectly, harassed, retaliated, and/or abused Plaintiff and thereby created and caused a hostile work environment to exist, either by

action or inaction. The harassment, retaliation, abuse and hostile work environment included, but was not limited to, offensive and derogatory remarks, unwarranted and unfair disciplinary actions, demotions without cause, reductions in salary, and, ultimately, termination of Plaintiff's employment without cause.

104.    The aforesaid intentional conduct by Worth was, and continues to be, extreme and outrageous and has served no legitimate purpose.

105.    The aforesaid intentional conduct by Worth was foreseeable to cause, and in fact did cause, severe emotional distress to Plaintiff.

106.    As a direct and proximate result of Worth's intentional infliction of emotional distress, Plaintiff has suffered and will suffer those damages and losses set forth herein.

107.    As a direct and proximate result of Worth's intentional infliction of emotional distress, Plaintiff has suffered and will suffer irreparable harm, as a result of which Plaintiff is entitled to equitable and/or injunctive relief.

WHEREFORE, Plaintiff, James J. Alpha, requests that this Court grant him the following relief:

(a)    Declaring the conduct of Worth aforesaid to be the intentional infliction of emotional distress on Plaintiff;

(b)    Awarding economic compensatory damages to Plaintiff to make Plaintiff whole in the form of back pay, front or prospective pay, past and future lost earnings and/or diminution of earning capacity, and the value of past and future lost employee benefits;

(c) Awarding non-economic compensatory damages to Plaintiff for past and future pain and suffering, mental anguish, emotional distress, stress, depression, anxiety, embarrassment, humiliation, inconvenience, and loss of enjoyment of life;

(d) Awarding punitive damages to Plaintiff for the intentional and wrongful conduct of Defendant Worth;

(e) Awarding pre-judgment interest to Plaintiff;

(f) Awarding Plaintiff reasonable attorney's fees, costs of suit, and expert fees; and

(g) Granting such other and further relief to Plaintiff as the Court may deem just, proper and equitable.

## COUNT VII

### (v. Worth & Company for Harassment)

108. Plaintiff incorporates by reference paragraphs one through one hundred and seven, above, as if set forth fully and at length herein.

108. Worth & Company, directly or indirectly, harassed, retaliated, and/or abused Plaintiff and thereby created and caused a hostile work environment to exist, either by action or inaction. The harassment, retaliation, abuse and hostile work environment included, but was not limited to, offensive and derogatory remarks, unwarranted and unfair disciplinary actions, demotions without cause and, ultimately, termination of Plaintiff's employment without cause.

109. The aforesaid conduct by Worth & Company was for the purpose of causing Plaintiff harm, annoyance, alarm and/or inconvenience and served no legitimate purpose.

110.   As a direct and proximate result of Worth & Company's actions and harassment, Plaintiff has suffered and will suffer those damages and losses set forth herein.

111.   As a direct and proximate result of Worth & Company's actions and harassment, Plaintiff has suffered and will suffer irreparable harm, as a result of which Plaintiff is entitled to equitable and/or injunctive relief.

WHEREFORE, Plaintiff, James J. Alpha, requests that this Court grant him the following relief:

(a)   Declaring the acts and practices of Worth & Company to be the harassment of Plaintiff;

(b)   Awarding economic compensatory damages to Plaintiff to make Plaintiff whole in the form of back pay, front or prospective pay, past and future lost earnings and/or diminution of earning capacity, and the value of past and future lost employee benefits;

(c)   Awarding non-economic compensatory damages to Plaintiff for past and future pain and suffering, mental anguish, emotional distress, stress, depression, anxiety, embarrassment, humiliation, inconvenience, and loss of enjoyment of life;

(d)   Awarding punitive damages to Plaintiff for the intentional and wrongful conduct of Worth & Company;

(e)   Awarding pre-judgment interest to Plaintiff;

(f)   Awarding Plaintiff reasonable attorney's fees, costs of suit, and expert fees; and

(g)   Granting such other and further relief to Plaintiff as the Court may deem just, proper and equitable.

## COUNT VIII

### (v. Worth for Harassment)

112.    Plaintiff incorporates by reference paragraphs one through one hundred and eleven, above, as if set forth fully and at length herein.

113.    Worth, directly or indirectly, harassed, retaliated, and/or abused Plaintiff and thereby created and caused a hostile work environment to exist, either by action or inaction. The harassment, retaliation, abuse and hostile work environment included, but was not limited to, offensive and derogatory remarks, unwarranted and unfair disciplinary actions, demotions without cause, reductions in salary, and, ultimately, termination of Plaintiff's employment without cause.

114.    The aforesaid conduct by Worth was for the purpose of causing Plaintiff harm, annoyance, alarm and/or inconvenience and served no legitimate purpose.

115.    As a direct and proximate result of Worth's actions and harassment, Plaintiff has suffered and will suffer those damages and losses set forth herein.

116.    As a direct and proximate result of Worth's actions and harassment, Plaintiff has suffered and will suffer irreparable harm, as a result of which Plaintiff is entitled to equitable and/or injunctive relief.

WHEREFORE, Plaintiff, James J. Alpha, requests that this Court grant him the following relief:

(a)     Declaring the conduct of Worth to be the harassment of Plaintiff;

(b)     Awarding economic compensatory damages to Plaintiff to make Plaintiff whole in the form of back pay, front or prospective pay, past and future lost earnings and/or diminution of earning capacity, and the value of past and future lost employee benefits;

(c)     Awarding non-economic compensatory damages to Plaintiff for past and future pain and suffering, mental anguish, emotional distress, stress, depression, anxiety, embarrassment, humiliation, inconvenience, and loss of enjoyment of life;

(d)     Awarding punitive damages to Plaintiff for the intentional and wrongful conduct of Worth;

(e)     Awarding pre-judgment interest to Plaintiff;

(f)     Awarding Plaintiff reasonable attorney's fees, costs of suit, and expert fees; and

(g)     Granting such other and further relief to Plaintiff as the Court may deem just, proper and equitable.

## JURY DEMAND

Pursuant to F.R. Civ. P. 38(b) the Plaintiffs hereby demand a trial by jury.

**WINEGAR, WILHELM, GLYNN & ROEMERSMA, P.C.**

*/s/ Linda B. Maalouf, Esq.*
**LINDA B. MAALOUF, ESQ.**
I.D. 203391

*/s/ Scott M. Wilhelm, Esq.* (SMW8473)
**SCOTT M. WILHELM, ESQ.**
I.D. 77195
wilhelms@verizon.net

305 Roseberry Street, P.O. Box 800
Phillipsburg, New Jersey 08865
Telephone:  (908) 454-3200
Facsimile:  (908) 454-3322
*Attorneys for Plaintiff*

Dated: October 17, 2012

## VERIFICATION

I, Linda B. Maalouf, Esq., state that I am the attorney for the Plaintiff in the within action and verify that the Complaint is legal in nature, that I am familiar with the facts contained therein and that the statements within are true and correct to the best of my knowledge, information and belief; and further state that as attorney for the Plaintiff, I am best qualified to execute this verification to the foregoing Complaint. I understand that any false statements herein are made subject to the penalties of 18 PA C.S. § 4904, relating to unsworn falsification to authorities.

**WINEGAR, WILHELM, GLYNN & ROEMERSMA, P.C.**

/s/ Linda B. Maalouf, Esq.

LINDA B. MAALOUF, ESQ.
I.D. 203391
305 Roseberry Street, P.O. Box 800
Phillipsburg, New Jersey 08865
Telephone: (908) 454-3200
Facsimile: (908) 454-3322
*Attorney for Plaintiff*

Dated: October 17, 2012

## VERIFICATION

I, Scott M. Wilhelm, Esq., state that I am the attorney for the Plaintiff in the within action and verify that the Complaint is legal in nature, that I am familiar with the facts contained therein and that the statements within are true and correct to the best of my knowledge, information and belief; and further state that as attorney for the Plaintiff, I am best qualified to execute this verification to the foregoing Complaint. I understand that any false statements herein are made subject to the penalties of 18 PA C.S. § 4904, relating to unsworn falsification to authorities.

**WINEGAR, WILHELM, GLYNN & ROEMERSMA, P.C.**

/s/ Scott M. Wilhelm, Esq.   (SMW8473)
SCOTT M. WILHELM, ESQ.
I.D. 77195
305 Roseberry Street, P.O. Box 800
Phillipsburg, New Jersey 08865
Telephone:  (908) 454-3200
Facsimile:  (908) 454-3322
wilhelms@verizon.net
*Attorney for Plaintiff*

Dated: October 17, 2012

2